## COMMONWEALTH *versus* CHARLES STEVENS.

The word "tenor" binds the party to a strict recital ; but the *number* of a bank
   bill, and the *words* at the top of it expressing its amount, are not parts of the
   bill, and need not be set out in an indictment for forgery.

THE defendant was indicted for forging a thirty-dollar bill of the
*Beverly* bank, and for uttering the same.

In both counts, the bill was laid to be of the *tenor* following, *viz.,*
[*and set out the bill.*]
                The defendant pleaded not guilty.
[ * 204 ]      * S. *Dana,* for the defendant, objected to the bill pro-
                duced going in evidence to the jury, for a variance be-
tween the same and the bill described in the indictment, which was

COMMONWEALTH *vs.* STEVENS.

that the *number* of the bill, and the words "*thirty dollars*" at the top of the bill, were not set out in either count.

The Court (*Dana*, C. J., *Sedgwick*, *Sewall*, and *Thacher*, justices) ruled that the *number* of the bill, and the words "*thirty dollars*" at the head of it, were not parts of the bill, and, therefore, not necessary to be set out; and they mentioned the case of *Robert Bailey*, at the last September term in *Hampshire,* in which the Court were unanimously of the same opinion. [Ante, p. 62.]

The defendant's counsel then objected to the bill going in evidence, because in the first count there was no allegation of an intent to defraud, and in the second count, a part of the date, *viz.,* the words and figures, "*the* 24*th day of,*" were omitted in the indictment.

The Court said the *first* objection would be proper in arrest of judgment, and that the *second* was fatal as to giving the bill in evidence, the word *tenor* binding the party to a strict recital.

The defendant consented to an amendment of the second count, and pleaded guilty to *that* count; the *Attorney-General* consenting to enter a *nolle prosequi* on the first count in the indictment.